**RIGGS INVESTMENT MANAGEMENT CORPORATION, et al., Plaintiffs,**

v.

**COLUMBIA INVESTMENT PARTNERS, L.L.C. et al., Defendants.**

**Civil Action No. 96–0014 (RCL).**

United States District Court, District of Columbia.

July 31, 1997.

Eva Petko Esber, Regina G. Maloney, Michael K. Ross, Williams & Connolly, Washington, DC, for Plaintiffs.

David Webster, James Sottile, IV, Nathan D. Finch, Caplin & Drysdale, Washington, DC, for Defendants.

## MEMORANDUM AND ORDER

LAMBERTH, District Judge.

This matter comes before the court on defendant Columbia Investment Partners', L.L.C. ("Columbia Partners") motion to amend findings of fact and conclusions of law and to alter the judgment. Upon consideration of this motion, the opposition thereto, and the reply, defendant's motion is hereby DENIED.

### BACKGROUND

In January of this year, this court conducted a bench trial in which the Riggs Investment Management Corporation ("RIMCO") accused Columbia Partners, another investment management firm, of various forms of false or misleading advertising under the Lanham Act. The court found the defendant corporation liable under the Act, noting that in some instances, Columbia Partners had "operated willfully and in bad faith with respect to its advertising." (Op. at 41). Upon making this determination, the court awarded plaintiff defendant's profits for the fourth quarter of 1995 and half of the first quarter of 1996—representing the time for which Columbia Partners acted in bad faith.

The court awarded RIMCO $265,071.25, a figure which represented Columbia Partners revenues from equity fees during that period. Because the burden of proving deductions from revenue to arrive at profit is a task which falls on the defendant in such circumstances, the court made no deductions from this amount, finding that defendant had "not made a reasonable effort" to do so. Now,

Columbia Partners seeks to amend this court's order for two reasons. First, it claims that under the law, when there has been a finding that certain monies earned by the defendant were not earned as a result of the wrongdoing, that figure must be deducted from any damage award. Second, Columbia Partners believes it did prove its profits at trial and this court merely erred by improperly including money which should have been deducted as defendant's expenses.

RIMCO, on the other hand, objects to any such reconsideration. First, it states that the prerequisites for relief under a motion for reconsideration, have not been met. Second, it criticizes defendant's analysis of the law, and finally, argues that defendant is merely trying to prove too late arguments it should have proven at trial.

For the reasons given below, the court will deny defendant Columbia Partners' motion to amend the findings of fact and conclusions of law.

### DISCUSSION

Federal Rule of Civil Procedure 59 permits a party to move to amend findings of fact and conclusions of law after it has been entered by the court. A Rule 59(e) motion is discretionary and need not be granted unless the district court finds (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996); *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir.1997). The only applicable element of review in this case would be the need to correct clear error or to prevent manifest injustice.

This court awarded approximately four months of defendant's profit to RIMCO as a result of defendant's bad faith marketing behavior during that period. The court determined that plaintiffs need prove only defendant's revenues: the burden of proving deductions to calculate profit fell upon Columbia Partners. *See* 15 U.S.C. § 1117(a) (stating, "[i]n assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of

**16**

cost or deduction claimed"). The court found that Columbia Partners had not met its burden of proving deductions, and therefore the court made none, awarding a total of $265,071.25 to RIMCO—representing defendant's equity revenue during the period of its bad faith conduct. Op. at 44. Columbia Partners argues, however, that (1) the law required the court to deduct fees not obtained through the use of false and misleading advertising—here fees earned from the Upholsterers International Union ("UIU")—and this court's failure to deduct these sums resulted in clear error; and (2) defendant's revenues should be reduced by its legitimate expenses, which it believes were proven at trial.

### 1. *UIU's Fees*

■ Originally, RIMCO had asked for a separate award of all fees paid by UIU to Columbia Partners as a measure of damages based on breaches of fiduciary duty by RIMCO's former Chief Executive Officer Richard von Pentz, now employed by defendant Columbia Partners. The court found that UIU's desire to switch investment firms and sign on with Columbia Partners was not attributable to any breach of duty by von Pentz. The court did not find that UIU's move was unaffected by false advertising, however. Thus, it would not be clear error for this court to award UIU's profits to RIMCO on this basis, nor would it be even inconsistent with the court's prior opinion in this case. It is true that UIU has never complained about Columbia Partners' false advertising nor has UIU removed its account from Columbia Partners' management. This does not mean UIU was unaffected by defendant's violations of the Lanham Act, nor does it mean that Columbia Partners has a right to return of these funds.

■ In fact, RIMCO has established that UIU possessed false advertising materials from Columbia Partners at the time the decision to transfer the UIU account was made. Significantly, false statements made concern-

ing the computer model to be used at Columbia Partners—that the model would be the same as at RIMCO or that it was fully operational—would clearly play a significant role in any decision to transfer the millions of dollars UIU moved. See, e.g., Plaintiff's Trial Exhibit 81. Richard Hoffman, UIU's director of operations and key voice in UIU's decision to move its moneys [1], was clearly concerned about stability in money management. As RIMCO points out, Hoffman liked the fact that Columbia Partners could "pick up our portfolio and actively manage it from that point forward without delay." Pl.'s Opp. at 6, *citing* Tr. 844 (Hoffman). Thus, though Hoffman testified at trial that the faulty promotional materials did not affect his decision to move UIU's money, he was clearly influenced into believing that Columbia Partners was in a much greater state of readiness to manage money than it really was. To give just one example, Hoffman testified that Columbia Partners did not discuss the computer model with him at a meeting he attended before the money was moved, the information he was given by Columbia Partners beforehand was very explicit about what kind of model Columbia Partners was using—though defendant had no such model. In fact, it would take a significant amount of time to develop it properly. Though things may have turned out well for UIU by switching to Columbia Partners, giving it no cause for complaint, that is irrelevant to the matter at hand. It is true, as defendant argues, that a plaintiff is not entitled to profits demonstrably not attributable to the unlawful use of his mark. *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 206, 62 S.Ct. 1022, 1024, 86 L.Ed. 1381 (1942),; *Texas Pig Stands, Inc. v. Hard Rock Cafe, Int'l., Inc.*, 966 F.2d 956, 957 (5th Cir.1992)(pet. for reh'g en banc). But Columbia Partners has not demonstrated to this court that the fees it earned from UIU were untainted by defendant's wrongful conduct. All it demonstrated was that UIU's decision to transfer funds to Columbia Partners was not due to any presolicitations by von Pentz. Therefore, the

---

1. Hoffman was the only UIU decisionmaker to testify, but others were also involved in the hasty resolution to move UIU's investments to Columbia Partners. Others at UIU had defendant's fraudulent materials, and Hoffman's testimony alone cannot whitewash the effects this information may have had on them.

court's decision to award profits from UIU's fees to RIMCO stands.

2. *Columbia Partners' Legitimate Expenses*

■ Defendant now approaches the court with an explanation of how it believes the court should have made deductions for its legitimate business expenses. Columbia Partners' brief does an excellent job laying out the various mathematical computations, pinpointing a more exact figure of what the firm profited during the period of its offending conduct. The only problem, however, is that this information comes too late. Defendant had an obligation to prove this at trial, but defendant failed to do so. Instead, Columbia Partners presented little more than unverified summaries of income and expenses it incurred. Defendant has failed to proffer any substantive testimony, affidavits, receipts, or evidence of any kind, of what was to be done with the volume of numbers presented to the court. For example, in Defendant's Trial Exhibit 99, Columbia Partners presented a list of numbers representing total income from clients and total expenses, but made no allocation for equity expenses as opposed to fixed or balanced account expenses. It also presented no evidence as to how these expenses should be segregated—a burden placed upon defendant which defendant failed to carry. It has just now, in its current motion to amend, invented a ratio for estimating what percentage of expenses should be allocated to the equity side of the business—that expenses should be allocated proportionally to revenues. But there is absolutely no reason to accept this other than defendant's bare assertion, and there is no reason to believe, without some evidence, that such a ratio is even reasonable. Additionally, and quite significantly, Columbia Partners has made no attempt to justify the legitimacy of virtually any of the expenses it claims to have incurred. As defendant's brief amply illustrates, the calculation of deductions can be a complicated business, but Columbia Partners' failure to prove these deductions at trial or in previous submissions or even in its current motion to amend the judgment, further demonstrates that defendant has failed to carry its burden of proving

these deductions, and its most recent attempt to amend the findings of fact must be denied.

*CONCLUSION*

For the reasons stated above, Columbia Partner's motion to amend this court's findings of fact and conclusions of law is hereby DENIED, and this court's judgment in favor of RIMCO for $265,071 shall stand unchanged.

SO ORDERED.