### MCDONNELL DOUGLAS CORPORATION,
### Plaintiff,

### v.

### NATIONAL AERONAUTICS & SPACE ADMINISTRATION, Defendant.

### No. C.A.96–2611(RCL).

United States District Court,
District of Columbia.

Aug. 8, 2000.

---

Peter L. Wellington, Jerald S. Howe, Michael J. Vernick, Steptoe and Johnson LLP, Washington, DC, for plaintiff.

Michael J. Ryan, Assistant United States Attorney, Washington, DC, for defendant.

## MEMORANDUM OPINION

LAMBERTH, District Judge.

This matter comes before the Court on Plaintiff McDonnell Douglas Aerospace Corporation's ("MDA") Rule 59(e) Motion to Alter or Amend Judgment. For the following reasons, Plaintiff's motion is denied.

## I. Background

On June 9, 2000, this Court dismissed as moot this reverse-Freedom of Information Act ("FOIA") litigation. Although neither party had argued that the case was moot, and MDA requested an opportunity to address the mootness issue if the Court intended to consider it, the Court determined that Circuit caselaw is clear—withdrawal of a FOIA request that is the underlying basis for a reverse-FOIA suit renders the suit moot. *Gulf Oil Corp. v. Brock,* 778 F.2d 834, 838–40, 843 (D.C.Cir. 1985).

## II. Analysis

A trial court has broad discretion to grant or deny a motion for reconsideration. *See Plaut v. Spendthrift Farm, Inc.,* 514 U.S. 211, 233–34, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995); *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 864, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988); *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996). The trial court may invoke its discretion and deny a motion to reconsider unless it finds 1) an intervening change in controlling law, 2) the availability of new evidence, or 3) the need to correct clear error or manifest injustice. *McDonnell Douglas Corp. v. NASA,* No. 96–2611 (D.D.C. May 1, 1998), Mem.Op. at 1 (citing *Riggs Inv. Management Corp. v. Columbia Inv. Partners,* 975 F.Supp. 14, 15 (D.D.C.1997) (citing *Firestone,* 76 F.3d at 1206; *EEOC v. Lockheed Martin Corp.,* 116 F.3d 110, 112 (4th Cir. 1997))). As discussed below, Plaintiff has failed to demonstrate the existence of any of these three criteria. Further, Plaintiff is seeking a broad advisory opinion from this Court, in contravention to Article III of the Constitution.

### A. Intervening Change in Controlling Law

Plaintiff has not established that there has been an intervening change in controlling law. The Court is unaware of any new law that has arisen since this Court's June 9, 2000 decision that would warrant a different result in this case. In addition, Plaintiff incorrectly asserts that the controlling law has changed since this Circuit issued *Gulf Oil,* the case this Court relied on when deeming the instant case moot.

Plaintiff argues that two Supreme Court decisions issued this year, and one D.C. Circuit decision issued three years ago, render this Court's reliance on *Gulf Oil,* a fifteen year-old case, incorrect. The Court will briefly discuss these three cases and explain why they do not control the instant case.

First, Plaintiff cites recent Supreme Court language stating that

the standard we have announced for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: "A case might become moot if subsequent events made it absolutely clear that the alleged wrongful behavior could not reasonably be expected to recur." *United States v. Concentrated Phosphate Export Ass'n, Inc.,* 393 U.S. 199, 203, 89 S.Ct. 361, 21

L.Ed.2d 344 (1968). The "heavy burden of persuad[ing]" the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness. *Ibid.* *Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 120 S.Ct. 693, 708, 145 L.Ed.2d 610 (2000).

Second, Plaintiff MDA cites another Supreme Court case involving the voluntary cessation doctrine. There, the plaintiff had argued that the case was moot because it had closed its business, a nude dancing club. *City of Erie v. Pap's A.M.,* 529 U.S. 277, 120 S.Ct. 1382, 1390, 146 L.Ed.2d 265 (2000). The Court rejected this argument because the club was still incorporated under the state's law and could therefore again decide to operate a nude dancing club in the same area. *Id.* The Court also noted its "interest in preventing litigants from attempting to manipulate the Court's jurisdiction...." *Id.*

Third, Plaintiff points out that this Circuit has held that the EPA's issuance of written guidance reversing its position was insufficient to moot a case because the guidance could be "ignored by local EPA officials" or withdrawn. *American Iron & Steel Inst. v. EPA,* 115 F.3d 979, 1007 (D.C.Cir.1997).

The three cases cited by Plaintiff share a common thread that is absent from the instant case. In all three, the courts held that a defendant's voluntary cessation of an action did not moot the case. This Court's June 9 decision does not contradict those cases. Here, the case was not deemed moot because any voluntary cessation by Defendant National Aeronautics & Space Administration ("NASA"). Rather, it is moot because of the conduct of a third party, namely the withdrawal of the FOIA request underlying this litigation.

█ Because the instant case is not governed by the voluntary cessation doctrine, Plaintiff's arguments on that score are misplaced. For example, Plaintiff, citing *Friends of Earth,* argues that NASA failed

to shoulder the "heavy burden" of persuading this Court that "it is absolutely clear that the alleged wrongful behavior could not reasonably be expected to recur." *See Friends of Earth,* 528 U.S. at ——, 120 S.Ct. at 708. However, NASA is not required to shoulder this burden because this case is not controlled by the voluntary cessation doctrine. Plaintiff also stressed the Supreme Court's "interest in preventing litigants from attempting to manipulate the Court's jurisdiction...." *Pap's A.M.,* 529 U.S. at ——, 120 S.Ct. at 1390. However, neither litigant in the instant case manipulated jurisdiction. The lack of jurisdiction is due to action by a third party.

**B. Availability of New Evidence**

█ Plaintiff has not provided any new evidence which would warrant the Court to grant the motion to reconsider. Further, Plaintiff would be precluded from presenting new evidence in this case. Circuit caselaw indicates that the only relevant evidence in a reverse-FOIA proceeding is the administrative record. *E.g., CNA Financial Corp. v. Donovan,* 830 F.3d 1132, 1162 (D.C.Cir.1987).

**C. Clear Error or Manifest Injustice**

Plaintiff has not presented any evidence of clear error or manifest injustice. The Court of Appeals issued its opinion overturning NASA's decision to release information in response to the FOIA request at issue, and this Court's June 9, 2000, decision recognized NASA's assurances that it will comply.

**III. Conclusion**

The Court rejects Plaintiff's argument that this case is governed by a group of cases holding that a defendant's voluntary cessation of an action does not moot the case. This case, at this point in the litigation, is governed by *Gulf Oil.* When the underlying FOIA request in this matter was withdrawn, a case or controversy ceased to exist and the case was rendered

moot. Accordingly, this Court lacks jurisdiction to provide Plaintiff with any relief, regardless of Plaintiff's concerns that NASA may seek to disclose the information at issue in the future. Plaintiff's motion to alter or amend judgment is denied. A separate order shall issue this date.

SO ORDERED.

## ORDER

Upon consideration of Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment, Defendant's opposition thereto, and the entire record herein, it is hereby

ORDERED that Plaintiff's motion is DENIED.

SO ORDERED.