**Lakeshia DYSON, personally and as Personal Representative for the Estate of Rico Monroe, Jr., Plaintiff,**

v.

**Joseph K. WINFIELD, M.D., Defendant.**

**No. C.A. 97–1665 RCL.**

United States District Court, District of Columbia.

Jan. 19, 2001.

Garvey, Schubert & Barer, Washington, DC, for Plaintiff.

Karen Roberts Turner, Montedonico, Hamilton & Altman, P.C., Chevy Chase, MD, for Defendant.

## MEMORANDUM AND ORDER

LAMBERTH, District Judge.

Now before the Court is a motion for reconsideration by the plaintiff. Specifically, the plaintiff moves the Court to reconsider its September 21, 2000 decision barring the plaintiff from seeking damages for emotional distress and extraordinary child rearing expenses. After a full consideration of the parties' memoranda, and for the following reasons, the Court GRANTS in part and DENIES in part the plaintiff's motion for reconsideration.

## BACKGROUND

On July 27, 1997, Lakeshia Dyson filed suit against Dr. Joseph Winfield under the common law of the District of Columbia as well as the District of Columbia Wrongful Death and Survival Statutes, 16 D.C.Code § 2701; 12 D.C.Code § 101. She alleged, inter alia, that Dr. Winfield negligently prescribed the drug Provera to her while she was pregnant, causing her child to be born with numerous birth defects and eventually die. As damages, Ms. Dyson prayed for, inter alia, "emotional distress and mental anguish suffered by Dyson as a consequence of her baby's birth defects" and "extraordinary child rearing expenses, including the value of Dyson's time devoted thereto, attributable to Decedent's physical and mental abnormalities." Complaint, July 23, 1997, at 4.

On January 21, 2000, Winfield moved to dismiss Dyson's claims for emotional distress and extraordinary child rearing expenses. In a September 21, 2000 Memorandum Opinion, the Court granted Winfield's motion, reasoning that the applicable law permitted Dyson to recover only "what the deceased would have been able to recover had he lived" as well as the "reasonable expenses of last illness and burial." Memorandum and Order, Sept. 21, 2000, at 21. Emotional distress and extraordinary child rearing expenses, the Court reasoned, were not included in these categories. *Id.* at 22.

Dyson now asserts that the Court's decision was incorrect as a matter of law.[1] She argues that, although the Court was correct in regard to its interpretation of the statutes, it erred in failing to consider the availability of such damages under the common law. In support of this, she cites (for the first time) several cases that articulate her argument. Winfield opposes this argument. The Court will now resolve the issue.

## ANALYSIS

### I. Standard of Review

Upon a motion for reconsideration, a court will revise its decision if it finds "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or manifest injustice." *McDonnell Douglas Corp. v. NASA,* 109 F.Supp.2d 27, 28 (D.D.C.2000) (Lamberth, J.). *See also Firestone v. Firestone,* 76 F.3d 1205, 1206 (D.C.Cir.1996); *EEOC v. Lockheed Martin Corp.,* 116 F.3d 110, 112 (4th Cir.1997). "A trial court has broad discretion to grant or deny a motion for reconsideration." *McDonnell Douglas,* 109 F.Supp.2d at 28. *See also Plaut v. Spendthrift Farm, Inc.,*

---

1. Dyson explains that the Court's decision was likely due to the parties' confusing briefs. *See* Brief for Plaintiff, Oct. 6, 2000, at 1, 1 n.

1. She also admits fault in failing to present her argument herein to the Court prior to its September decision. *Id.*

514 U.S. 211, 233–34, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995); *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988).

## II. The Plaintiff's Motion to Reconsider

Prompted by the arguments that have heretofore remained absent from this dispute, the Court finds that the plaintiff may seek damages for her extraordinary child rearing expenses but may not seek damages for her emotional distress.

### A. Recovery for Extraordinary Child Rearing Expenses

■ As explained in the Court's September 21, 2000 Opinion, extraordinary child rearing expenses are not recoverable under the D.C. Wrongful Death and Survival Statutes. That, however, is not the end of the matter in this case. Subsequent to the passage of these statutes, the Court of Appeals for the District of Columbia recognized that a plaintiff may recover for extraordinary child rearing expenses under a common law cause of action for wrongful birth. *See Cauman v. George Washington Univ.*, 630 A.2d 1104, 1105–06 (D.C.1993); *Haymon v. Wilkerson*, 535 A.2d 880, 884–86 (D.C.1987).

■ In the case at hand, the plaintiff brought her action under, inter alia, the "common law of the District of Columbia relating to medical malpractice, negligent breach of duty to inform, and wrongful birth." Complaint, July 23, 1997, ¶ 1. Thus, under the controlling precedent of the District of Columbia, the plaintiff may

proceed in her case to seek damages for her extraordinary child rearing expenses.[2]

### B. Recovery for Emotional Distress

■ Under established precedent in the District of Columbia, a mother claiming emotional distress for an injury to her child must either have sustained physical injury herself, or have been within the zone of danger where the injury to her child occurred. *See Williams v. Baker*, 572 A.2d 1062 (D.C.1990) (adopting zone of danger test for the District of Columbia). In *Cauman v. George Washington University*, 630 A.2d 1104 (1992), the District of Columbia's Court of Appeals considered this rule in the context of injury to an unborn child. Holding firm to its zone of danger rule, the court ruled that, unless the expectant mother was "physically endangered as a result of the [physician's] negligence," damages for emotional distress are not recoverable. *Id.* at 1107. As the plaintiff's complaint in this case does not contain any allegation of physical damage or danger to herself (not to mention evidence thereof), the plaintiff may not recover for her alleged emotional distress.

The plaintiff argues that, because the Court of Appeals for the District of Columbia has held that "an injury to the fetus is an injury to the mother," the plaintiff can be considered to have been physically harmed for the purpose of recovering for her emotional distress. *Jones v. Howard Univ.*, 589 A.2d 419 (1991). The Court disagrees. A fuller analysis reveals that the Court of Appeals was merely making this statement to clarify whether a mother, in suing for injury to her unborn child, must proceed on her child's behalf, or may proceed on her own behalf. *Id.* at 423.

2. The defendant argues that because Ms. Dyson ... elected to continue the pregnancy, "it was her conscious decision to accept the burden of extraordinary child rearing expenses." In other words, the defendant argues an expectant mother is under a duty to mitigate her damages through an abortion. Such an argument is contrary to a massive body of law, not to mention callous in the extreme. *See Flowers v. District of Columbia*, 478 A.2d 1073,

1074 (D.C.1984) (recognizing a social policy against coercing abortions); *Jones v. Malinowski*, 299 Md. 257, 473 A.2d 429 (1984); Fred Norton, Note, *Assisted Reproduction and the Frustration of Genetic Affinity: Interest, Injury, and Damages*, 74 N.Y.U. REV. 793, 836 (1999) (collecting numerous cases recognizing that requiring a woman to mitigate damages through an abortion is patently unreasonable).

The Court did not purport to be ruling on the availability of emotional damages. In fact, just after making the statement cited by the plaintiff, the court explained how its decision related to the availability of damages for emotional distress:

> This holding has relevance to our holding in *Williams* [the case adopting the zone of danger test] that if the plaintiff was in the zone of physical danger and was caused by defendant's negligence to fear for his or her own safety, the plaintiff may recover for negligent infliction of emotional distress and any resultant physical injury, regardless of whether the plaintiff experienced a physical impact as a direct result of the defendant's negligence.

*Id.* at 424. Thus, upon a full consideration of *Jones*, the plaintiff's argument that she has constructively sustained physical injury is incorrect. Her motion for reconsideration in this regard must therefore be denied.

### CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the plaintiff's motion for reconsideration is GRANTED in part and DENIED in part; further, it is

ORDERED that the plaintiff may seek damages for her extraordinary child rearing expenses; further, it is

ORDERED that the plaintiff may not seek damages for her emotional distress.

SO ORDERED.