150 F.Supp.2d 96 (2001)
AMFAC RESORTS, L.L.C., Plaintiff,
v.
UNITED STATES DEPARTMENT OF The INTERIOR, et al., Defendants.
National Park Hospitality Assn., Plaintiff,
v.
United States Department of the Interior, et al., Defendants.
Hamilton Stores, Inc., Plaintiff,
v.
United States Department of the Interior, et al., Defendants.
Aramark Sports and Entertainment Services, Inc., Plaintiff,
v.
United States Department of the Interior, et al., Defendants.
Nos. CIV. A. 00-2838(RCL), CIV. A. 00-2885(RCL), CIV. A. 00-2937(RCL), CIV. A. 00-3085(RCL).
United States District Court, District of Columbia.
June 25, 2001.
*97 Robert Richard Gasaway, Kirkland & Ellis, Washington, DC, Alan Stuart Feld, Bulman, Dunie, Burke & Feld, Bethesda, MD, for Plaintiff.
Marina Utgoff Braswell, U.S. Atty's. Office, Washington, DC, for Defendant.
Michael Carvin, Jones, Day, Reavis & Pogue, Washington, DC, for Intervenor-Defendant.

MEMORANDUM OPINION
LAMBERTH, District Judge.
Now before the Court are several matters related to the Court's recent rulings. First, Plaintiff Amfac moves the Court to reconsider various aspects of its May 23, 2001 Opinion.[1] Second, Amfac moves the *98 Court for a preliminary injunction enjoining the National Park Service from awarding the Grand Canyon concession contract under the current prospectus. Third, Plaintiff National Park Hospitality Association ("NPHA") asks the Court to rule on Claim IV of its complaint.[2] The defendants oppose these motions, as does intervenor Delaware North. After a full review of the parties memoranda, the applicable law, and for the following reasons, the Court DENIES both of Amfac's motions, and rules on Claim IV of NPHA's complaint.

I. BACKGROUND
Amfac Resorts has been a concessioner at the Grand Canyon National Park and other national parks for the last 30 years. The concession contracts between the National Park Service ("NPS") and Amfac are set to expire at the end of this year, and Amfac is interested in continuing as a concessioner. In pursuit of this objective, Amfac filed suit on November 22, 2000 alleging that the NPS's regulations concerning concession contracts are arbitrary, capricious, and contrary to law.
On April 24, 2001 this Court issued a Memorandum and Order ruling on discovery issues in the case. Amfac and its co-plaintiffs sought discovery from the defendants related the challenged regulations. In denying leave for discovery, the Court began with the general rule that judicial review of agency regulations is "ordinarily `confined to the administrative record'." See Memorandum and Order, Apr. 24, 2001, at 6 (quoting Texas Rural Legal Aid, Inc. v. Legal Servs. Corp., 940 F.2d 685, 698, (D.C.Cir.1991)). The Court went on to explain that, although discovery is sometimes permitted when a party makes a "substantial showing" that the administrative record was incomplete, the plaintiffs had failed to make such a showing. See id. at 13. Accordingly, the Court denied the plaintiffs' joint motion for discovery.
On May 18, 2001, plaintiff Amfac moved for a preliminary injunction enjoining the NPS from implementing the newly-issued prospectus for the Grand Canyon concession contract. Amfac argued in that motion that the Grand Canyon prospectus is arbitrary, capricious, and otherwise unlawful.
On May 23, 2001, approximately one month after issuing its discovery opinion, the Court ruled on the defendants' motion to dismiss, and the parties' cross motions for summary judgment. The Court denied (for the most part) the defendants' motion to dismiss, and granted (for the most part) the defendants' motion for summary judgment. The opinion undertook an extensive analysis of the NPS regulations which implemented the National Parks Omnibus Management Act of 1998. The Court found the NPS's regulations "permissible in all respects save one." Memorandum Opinion, May 23, 2001, at 3. In addition, the Court also held that the plaintiffs were not entitled to discovery pursuant to Rule 56(f).
*99 On June 6, 2001, plaintiff Amfac filed several motions. Amfac moved the Court to reconsider (1) its May 23, 2001 summary judgment rulings, (2) its May 23, 2001 Order dismissing claims, and (3) its May 23, 2001 Rule 56(f) holding. Amfac also moved the Court to order the NPS to file an answer and to produce various documents. The Court will now consider these motions, as well as Amfac's motion for a preliminary injunction. Further, the Court will handle the request for a ruling by plaintiff National Park Hospitality Association.

II. ANALYSIS

A. Amfac's Motion to Reconsider the Court's Summary Judgment Rulings on the Preferential Right of Renewal Issue

1. Standard of Review[3]
Upon a motion for reconsideration, a court will revise its decision if it finds "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or manifest injustice." McDonnell Douglas Corp. v. NASA, 109 F.Supp.2d 27, 28 (D.D.C.2000) (Lamberth, J.). See also Firestone v. Firestone, 76 F.3d 1205, 1206 (D.C.Cir.1996); EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir.1997). "A trial court has broad discretion to grant or deny a motion for reconsideration." McDonnell Douglas, 109 F.Supp.2d at 27. See also Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 233-34, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995); Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988).

2. Amfac's Arguments
Amfac's arguments are annoyingly familiar to the Court; they are the same arguments that the plaintiffs have made for months on end, and they are also the same arguments that the Court has rejected in every instance.
Amfac's first argument is that the Court erred in failing to "consider[ ] any factual evidence regarding the parties' conduct or intent regarding Amfac's implied right of preference." See Brief for Amfac, June 6, 2001, at 11. As the Court has made clear before, the proper scope of review in this case should be confined to the administrative record. See Memorandum and Order, Apr. 24, 2001, at 6 (stating that judicial review should be "confined to the administrative record"). Accordingly, in making its May 23, 2001 decision, the Court considered all evidence that was in the administrative record, and did not consider evidence that was not in the administrative record. See Memorandum Opinion, May 23, 2001, at 26, 29 (finding that there is "nothing in the administrative record suggesting that the NPS and the plaintiffs entered into a contract through mere conduct", and that "the administrative record provides no indication that the parties had the mutual understanding that the contracts contained the renewal term"). It is of no consequence that this scope of review might have omitted "factual evidence regarding the parties' conduct or intent regarding Amfac's implied right of preference"; the scope of review is entirely proper under established precedent. Amfac's motion on this issue is therefore denied.
Amfac's second argument is that the Court "erred by denying Amfac the opportunity to supplement the NPS rulemaking *100 record." Brief for Amfac, June 6, 2001, at 13. In its April 24, 2001 Opinion, the Court explicitly explained the grounds on which the administrative record could be supplemented.[4]See Memorandum and Order, Apr. 24, 2001, at 7-8. Amfac has not provided any evidence, much less argument, that its circumstance is among those enumerated in the April 24, 2001 Opinion. Thus, the court fails to find that its May 23, 2001 decision was a "clear error." Amfac's motion on this issue is therefore denied.

B. Amfac and Aramark's Motion to Reconsider the Court's Dismissal With Prejudice
Amfac and Aramark argue that the Court "erred by dismissing certain claims with prejudice, since claims dismissed as unripe should be dismissed without prejudice." See Brief for Amfac, June 6, 2001, at 19. The Court dismissed only a single claim on the ground of ripeness, and that claim (which was Hamilton Store's franchise fee claim) had nothing to do with Amfac or Aramark. The Court therefore denies Amfac and Aramark's motion to reconsider this issue.[5]

C. Amfac's Motion for Reconsideration of the Court's Rule 56(f) Ruling
Amfac argues that the Court erred in denying its motion for discovery under Rule 56(f). The Court's Rule 56(f) holding on May 23, 2001 was entirely controlled by the Court's discovery holding in its April 24, 2001 Opinion. There, the Court held that the plaintiffs were not entitled to discovery as a matter of law. Nothing that Amfac now argues even remotely challenges this holding, much less shows it to be in "clear error." Amfac argues, once again, that discovery is merited because it would lead to valuable information about whether the parties did indeed perceive the concession contract as containing a preferential right of renewal. In arguing this, Amfac overlooks the straightforward pronouncement of law in the Court's April 24, 2001 Opinion:
To obtain discovery from an agency in an APA case, a party must overcome the standard presumption that the "agency properly designated the Administrative Record." Bar MK Ranches, 994 F.2d at 740. That is, a party must provide good reason to believe that discovery will uncover evidence relevant to the Court's decision to look beyond the record. Thus, a party must make a significant showingvariously described as a "strong", "substantial", or "prima facie" showingthat it will find material in the agency's possession indicative of bad faith or an incomplete record. See Overton Park, 401 U.S. at 420, 91 S.Ct. 814 (requiring a "strong showing" before extra-record inquiry will be permitted); San Luis Obispo, 751 F.2d at 1327 (requiring *101 a party to make a "prima facie showing"); Train, 519 F.2d at 291 (finding discovery merited by a "substantial showing").
Memorandum and Order, Apr. 24, 2001, at 9-10. Amfac has never made the "strong showing" necessary to gain discovery, and therefore the Court's Rule 56(f) decision was entirely merited.

D. Amfac's Claim that the Court Erred in Making Summary Judgment Rulings Before Amfac had the Grand Canyon Prospectus in its Possession
Amfac argues that the Court's May 23, 2001 ruling was premature because Amfac had not yet been provided a copy of the administrative record for the Grand Canyon Prospectus. The Court fails to find any "clear error" on this issue.
Amfac willingly moved for summary judgment on February 28, 2001. Then, on April 30, 2001, Amfac willingly replied to the defendants' opposition to this motion. Nowhere in those two briefs (or anywhere else for that matter) did Amfac explain that the briefs were being filed under protest since Amfac was still without the Grand Canyon Prospectus. Moreover, Amfac's counsel contacted the Court by phone on at least one occasion to determine how soon the Court would be ruling on the various pending motions. At no point during that conversation or other such conversations did Amfac's counsel express to the Court the interest in delaying the ruling so as to permit Amfac to obtain and utilize the Grand Canyon administrative record. Finally, Amfac fails to cite even a single case addressing this issue.
For all of these reasons, the Court finds that its May 23, 2001 ruling was not a "clear error."

E. Amfac's Request That the Court Order the Defendants to Provide Amfac with the Administrative Record for the Grand Canyon Prospectus
For whatever reason, Amfac is still without the administrative record for the Grand Canyon Prospectus. If Amfac wishes to have it, there is no reason that Amfac should be without it. Thus, the defendants shall forthwith provide Amfac with the said record.[6]

F. Outstanding Claims in the Plaintiffs' Complaints
In its May 23, 2001 Order, the Court ordered the parties to "file with the Court a description of all alleged claims that have not been ruled on by the Court." See Order, May 23, 2001, at 4. The defendants and intervenor Delaware North argue that there are no such remaining claims. Plaintiffs Aramark and Hamilton Stores agree. However, plaintiffs National Park Hospitality Association ("NPHA") and Amfac argue that certain claims remain. The Court now considers those arguments.

1. Amfac's Notice of Remaining Claims
Amfac argues that its "request for preliminary and permanent injunctive relief as it relates to the NPS Grand Canyon solicitation ... remain[s] to be resolved." See Amfac's Report to the Court, June 6, 2001, at 8. In other words, Amfac argues that the Grand Canyon prospectus presents issues separate and distinct from those decided in the Court's May 23, 2001 Memorandum Opinion. The defendants and intervenor argue that the Court's May 23, 2001 Opinion resolved all claims that *102 might underlie Amfac's preliminary injunction motion.
The Court need not parse Amfac's many-paged complaint, or the Court's equally lengthy opinion to resolve this issue. Regardless of whether the as-applied claim is extant in the complaint or not, or disposed of in the Opinion or not, the Court finds that the claim is meritless and must be dismissed. Amfac's motion for a preliminary injunction makes the same arguments made in its summary judgment pleadings; in fact, the motion goes so far as to "adopt[ ] and incorporate[ ] ... the summary judgment briefs and exhibits submitted ... on February 28, 2001 and April 30, 2001". Furthermore, Amfac's argument on the merits of its preliminary injunction claim perfectly mirrors the arguments made in its summary judgment motions. Nor does the preliminary injunction motion include any extra arguments; the only difference between the two briefs is that the preliminary injunction brief cites specifically to the parts of the Grand Canyon Prospectus which embody the regulations challenged.
Thus, as Amfac's motion for a preliminary injunction is wholly predicated on legal arguments rejected by the Court's May 23, 2001 Opinion, the Court denies Amfac's motion for of a preliminary injunction. See Memorandum Opinion, Order, May 23, 2001.

2. NPHA's Notice of Remaining Claims
NPHA argues that the Court did not rule on Count IV of its complaint, namely the allegation that the "Yellowstone and Antelope Point Prospectuses violated the Administrative Procedure Act." See NPHA's Notice of Outstanding Claims, June 7, 2001, at 2. However, NPHA goes on to explain that that claim "does not raise any issues beyond those raised ... by the motions for reconsideration and related relief submitted ... by plaintiff Amfac." Id. NPHA asks the Court to therefore adjudicate the issue on the merits "in light of and consistent with its disposition of ... Amfac's claims." Id.
As the Court herein denies Amfac's motion for a preliminary injunction, as well as its motions for reconsideration, the Court dismisses with prejudice NPHA's claim IV.

III. CONCLUSION
For the foregoing reasons,
in Civil Action No. 00-2838, it is hereby
ORDERED that Amfac's motion for a preliminary injunction [79-1] is DENIED; further, it is
ORDERED that Amfac's motion for reconsideration [88-1] is DENIED; further, it is
ORDERED that Amfac's motion to compel an answer and production of documents is [90-1] GRANTED in part and DENIED in part, further, it is
ORDERED that Amfac's motion for reconsideration of the Court's May 23, 2001 Order [91-1] is DENIED; further, it is
ORDERED that Amfac's motion for reconsideration of a protective order [94-1] is DENIED. By explanation of counsel, the success of this motion was contingent on the Court granting Amfac's other motions for reconsideration. As the Court did not grant those motions, this motion is DENIED; further, it is
ORDERED that Amfac's motion for reconsideration of the Court's Rule 56(f) ruling [95-1] is DENIED; further, it is
ORDERED that the parties' motions for leave to file pleadings under seal [33-1, 57-1, 73-1] are GRANTED. Further, the Clerk of the Court is
*103 ORDERED to terminate Amfac's motion to expedite the consideration of its motions [93-1]. This motion was granted in part and denied in part by Order of June 11, 2001[87].
In Civil Action No. 00-2937, it is hereby
ORDERED that the defendants' motion for leave to file a memorandum in opposition [72-1] is GRANTED; further it is
ORDERED that paragraph 2 and 3 of the Court's May 23, 2001 Order be replaced with the following 2 paragraphs:
ORDERED that the defendants' motion to dismiss [11-1, 8-1, 12-1, 6-1] is DENIED as to all claims, except with respect to the timing of compensation for a concessioner's leasehold surrender interest and Hamilton Stores' franchise fee claim, for which it is GRANTED. It is therefore ORDERED that the plaintiffs' claim with respect to the timing of compensation for a concessioner's leasehold surrender interest is DISMISSED WITH PREJUDICE and the franchise fee claim of Hamilton Stores is DISMISSED WITHOUT PREJUDICE. Further, it is
ORDERED that the defendants' motion for summary judgment [11-2, 8-2, 12-2, 6-2] is GRANTED as to all issues addressed therein, except with respect to the forfeiture of a concessioner's statutory right of preferential renewal under 36 C.F.R. § 51.35, for which it is DENIED. It is therefore ORDERED that all of the plaintiffs' claims addressed in the defendants' January 18, 2001 motion for summary judgment, except for (a) Hamilton Stores' franchise fee claim and (b) the claim regarding the forfeiture of a concessioner's statutory right of preferential renewal under 36 C.F.R. § 51.35, are DISMISSED WITH PREJUDICE. Further, it is
There modifications are appropriate because the Court, in its May 23, 2001 Opinion, held Hamilton Stores' franchise fee claim to fail on grounds of standing and ripeness. As future events may indeed ripen the claim and provide Hamilton Stores with standing, Hamilton Stores may re-allege its claim at that time. Accordingly, the claim should be dismissed without prejudice. The above modification accomplishes this. See Arizona Pub. Serv. Co v. EPA, No. 99-1145, 2000 WL 1582754, at *1 (D.C.Cir.2000) ("Because the petition is not ripe for judicial review, the dismissal is without prejudice.").
SO ORDERED.
NOTES
[1] Amfac's co-plaintiff, Aramark, joins Amfac in one portion of its motion for reconsideration: the argument that certain claims should be dismissed without, rather than with, prejudice. See Section II.B; Aramark's Notice of Joinder in Amfac's Motion for Reconsideration, June 7, 2001.
[2] NPHA also asks the Court to address the defendants' January 26, 2001 admission that the mandatory arbitration provisions of 36 C.F.R. §§ 51.57, 51.62 are contrary to the Administrative Disputes Resolution Act, 5 U.S.C. § 571 et seq. Consistent with its May 23, 2001 Memorandum Opinion, the Court finds that the defendants' admission on this issue is "nothing less than an official interpretation of the [1998 Act] which the agency may not change unless it provides a reasoned explanation for doing so." Washington Legal Foundation v. Henney, 202 F.3d 331, 336 (D.C.Cir.2000)
[3] Incredibly, Amfac's 25-page memorandum in support of its motion for reconsideration fails to cite, even once, the governing standard for a motion for reconsideration.
[4] A motion to supplement the record is, in substance, the same a motion for the Court to consider non-record evidence in its decision. See, e.g., San Luis Obispo Mothers for Peace v. NRC, 751 F.2d 1287, 1325-26 (D.C.Cir.1984); Environmental Defense Fund v. Costle, 657 F.2d 275, 286 (D.C.Cir.1981).
[5] Amfac and Aramark change their tune somewhat in their reply brief. There, Amfac and Aramark, without explanation, ask the Court alter its judgment on a different claim. That claim related to the timing of the payment for leasehold surrender interests. In the reply, Amfac and Aramark ask the Court dismiss this claim without prejudice because the dismissal, according to Amfac and Aramark, was "made for reasons of remoteness of harm." Brief for Amfac, June 6, 2001, at 20-21. The parties both fail to note the footnote in that section which explicitly addresses this issue: "To clarify the Court's holding, the Court does not find that these plaintiffs have no standing." See Memorandum Opinion, May 23, 2001, at 65, n. 18.
[6] Somewhat obliquely, Amfac asks the Court to order the defendants to file an answer to Amfac's complaint. See Brief for Amfac, June 6, 2001, at 25. As the Court herein fully dismisses this case, that request is denied.