**Joan F. HIGBEE, Plaintiff,**

v.

**James H. BILLINGTON, Defendant.**

**No. CIV.A. 00–3114(JMF).**

United States District Court,
District of Columbia.

Oct. 30, 2003.

David H. Shapiro, Swick & Shapiro, Washington, DC, for Plaintiff.

Beverly M. Russell, Pamela D. Huff, U.S. Attorney's Office, Meredith Manning, Hogan & Hartson, L.L.P., Washington, DC, for Defendants.

## MEMORANDUM OPINION

FACCIOLA, Magistrate J.

This case was referred to me by Judge Sullivan for all purposes including trial pursuant to LCvR 73.1(a). I herein resolve *Defendant's Motion for Partial Reconsideration of the Court's February 26, 2003 Memorandum Opinion and Memorandum Points and Authorities in Support Thereof* ("D.Mot."). For the reasons set forth below, defendant's motion for partial reconsideration will be denied.

## BACKGROUND [1]

In the first count of her complaint, plaintiff charges disparate treatment based on gender. According to plaintiff, Dr. Sullivan ("Sullivan") engaged in what she calls a campaign of mistreatment. Complaint, ¶ 18. It took many forms, such as (1) refusing to assign her work commensurate with her position description while permitting two men, Clark Evans ("Evans") and Robert Shields ("Shields"), to perform such work; (2) shunning her professionally and personally; (3) never giving her fair credit for her accomplishments in her performance appraisals; (4) circulating intimidating and false accusatory memoranda about her; and (5) demeaning her person-

1. A more extensive version of facts not in genuine dispute may be found in my previous- ly issued memorandum opinion. *See Higbee v. Billington,* 246 F.Supp.2d 10 (D.D.C.2003).

ally and professionally and encouraging her fellow employees at the Library to do likewise. *Id.* According to plaintiff, Sullivan's actions destroyed her professional reputation and ultimately killed her career. Moreover, plaintiff claims she was never provided the opportunity for advancement that other men, specifically Evans and Shields, were given. *Id.* at ¶ 10.

In denying defendant's motion to dismiss on plaintiff's disparate treatment claim, I noted that "[a] series of indignities can accumulate over time creating a radical transformation of one's work experience." *Higbee v. Billington*, 246 F.Supp.2d 10, 14 (D.D.C.2003). I also concluded that "deny[ing] relief to a plaintiff who complains of [a discriminatory] course of conduct merely because she points to instances of discriminatory behavior that, in themselves, would not permit her relief" would be unfaithful to the purposes of the Title VII laws. *Id.* As a result, defendant has moved me to reconsider whether plaintiff's claim of disparate treatment should be dismissed where she has failed to allege that she suffered any "adverse personnel action" as the term is defined in *Brown v. Brody*, 199 F.3d 446 (D.C.Cir.1999). D. Mot. at 1. Specifically, defendant contends that "the Court did not determine that any of Plaintiff's allegations standing alone rose to the level of an adverse employment action" and that the court improperly aggregated plaintiff's claims for the purposes of finding an allegation of tangible harm. *Id.* at 3.

## DISCUSSION

### Legal Standard for Motion for Reconsideration

Pursuant to LCvR 72.2(b), a party may request the district judge assigned to the case to reconsider a magistrate judge's ruling by filing a motion for reconsidera-

tion. Appropriately, I will reconsider my previous ruling because this case is now before me for all purposes.[2]

■ A trial court has broad discretion to grant or deny a motion for reconsideration and will revise its decision only if it finds "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or manifest injustice." *Regency Comm. Inc. v. Cleartel Comm. Inc.*, 212 F.Supp.2d 1, 3 (D.D.C.2002); *see also Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996); *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir.1997); *McDonnell Douglas Corp. v. NASA*, 109 F.Supp.2d 27, 28 (D.D.C.2000). At issue in this case is whether the court's decision to allow plaintiff's disparate treatment claim to proceed constituted a "clear error or manifest injustice." *Dyson v. Winfield*, 129 F.Supp.2d 22, 23 (D.D.C.2001); *see also* LCvR 72.2(c) (providing reconsideration if the order was clearly erroneous or contrary to law).

### Analysis

■ Defendant seeks reconsideration of its motion to dismiss plaintiff's disparate treatment claim because I allowed plaintiff's complaints about a course of discriminatory conduct to survive defendant's dispositive motion. D. Mot. at 3. In *Freedman v. MCI Telecommunications Corp.*, 255 F.3d 840 (D.C.Cir.2001), the D.C. Circuit was presented with a unique approach of establishing a *prima facie* case of discrimination. In that case, the plaintiff sought to establish that there was a genuine issue of fact as to his disparate treatment claim by arguing that, taken collectively, his complaints of religious discrimination rose to the level of an adverse employment action. *Id.* at 844. The D.C. Circuit subsequently af-

**2.** Consent of the parties allows a magistrate judge to wholly exercise civil jurisdiction the

same as a district judge would be entitled. *See* 28 U.S.C. § 636(c) (2002); LCvR 73.1.

firmed the district court's grant of summary judgment, holding that "each of the activities complained of, *taken alone or collectively,* fail[ed] to rise to the level of an adverse employment action, lack[ed] evidence of disparate treatment, or both." *Id.* (emphasis added).

Consequently, defendant argues that I went "beyond what is recognized as appropriate in this Circuit" and that "the *Freedman* Court specifically declined to aggregate the claims for purposes of determining whether they rose to the level of an adverse employment action." *Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Partial Reconsideration of the Court's February 26, 2003 Memorandum Opinion* at 4–5. I, however, disagree. Although the D.C. Circuit did not explicitly adopt the view that an adverse employment action exists when plaintiff complains of a series of discriminatory actions, it did not specifically or completely reject that approach either. The D.C. Circuit opined that it may be "persuaded by this rationale, if there was evidence to support it." [3] *Freedman,* 255 F.3d at 849. That very sentence bespeaks a much different interpretation than defendant has proffered.

I want to clarify one point. My decision to allow plaintiff to proceed to trial on her disparate treatment claim does not mean-as a matter of lawthat she has proven that the course of discriminatory conduct of which she complains is *necessarily* an adverse employment action. Rather, my rul-

ing indicates that I cannot say-as a matter of law-that such conduct *never* constitutes an adverse employment action. What we are left with is an issue of fact. *Armstrong v. Reno,* 172 F.Supp.2d 11, 22 (D.D.C.2001) (stating that the "determination of whether or not a plaintiff has suffered a sufficiently adverse employment is a fact-based question"). It remains to be seen, at trial, whether plaintiff can produce sufficient evidence to show that the series of actions taken by her employer " 'affect[ed] the terms, conditions, or privileges of her employment or her future employment opportunities such that a reasonable trier of fact could conclude that plaintiff has suffered objectively tangible harm.' " *Russell v. Principi,* 257 F.3d 815, 818–19 (D.C.Cir.2001) (quoting *Brown v. Brody,* 199 F.3d 446, 457 (D.C.Cir.1999)).

An Order accompanies this Memorandum Opinion.

### ORDER

Upon consideration of defendant's motion, plaintiff's opposition thereto, and defendant's reply thereto, and in accordance with the accompanying Memorandum Opinion, it is, hereby,

ORDERED that *Defendant's Motion for Partial Reconsideration* [# 41] is DENIED.

SO ORDERED.

---

**3.** In addition, *Freedman* presented a very different issue than the case at bar. In *Freedman,* there was simply no evidence to support a disparate treatment claim. The plaintiff in that case put forth no evidence to show that his religion was the cause of his differential treatment during his tenure at MCI. Unlike *Freedman,* plaintiff here sets forth evidence to support her disparate treatment claim by specifically pointing to various acts of unfavorable treatment, which she suffered at the hands

of Sullivan. She also provides evidence that she received such unfavorable treatment because of her gender. As a result of that gender-based differential treatment, plaintiff has sufficiently established that her chances of promotion were effectively diminished and that her prospects of career advancement came to a halt. Complaint, ¶¶ 10, 18. *See Brown v. Brody,* 199 F.3d 446, 457 (D.C.Cir. 1999).