**SEA HUNT, INC., Plaintiff,**

v.

**The UNIDENTIFIED SHIPWRECKED VESSEL OR VESSELS, etc., in rem, et al., Defendants.**

**No. 2:98CV281.**

United States District Court, E.D. Virginia, Norfolk Division.

July 29, 1999.

Anthony F. Troy, Mays & Valentine, Richmond, VA, David Kegebein Sutelan, Mays & Valentine, Norfolk, VA, Peter E. Hess, Wilmington, DE, David J. Bederman, Emory University School of Law, Atlanta, GA, for Sea Hunt, Inc.

Frederick Schilling Fisher, Office of the Attorney General, Richmond, VA, for Commonwealth of Virginia.

Roger L. Chaffe, Office of the Attorney General of Virginia, Richmond, VA, Frederick Schilling Fisher, Office of the Attorney General, Richmond, VA, for Commonwealth of Virginia, ex rel. William A. Pruitt, Commissioner of Marine Resources and Chairman of the Virginia Marine Resources Commission.

George Robert Leach, Williamsburg, VA, for Alpha Quest Corp.

Ralph Montgomery Muoio, James A. Goold, Robert A. Long, Jr., William C. Muffett, Kevin C. Newsom, Covington & Burling, Washington, DC, for Kingdom of Spain.

## ORDER

CLARKE, District Judge.

The Kingdom of Spain (Spain) has filed a motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend this Court's judgment of April 27, 1999, which held that Spain expressly abandoned its sunken vessel LA GALGA in the Treaty of 1763. For the following reasons, the Court DENIES the motion and reaffirms its Opinion and Order of April 27, 1999.

### I.

On April 27, 1999, the Court entered an Opinion and Order in this case which determined the ownership rights in the Spanish vessels LA GALGA and JUNO, sunk off the coast of Assateague Island in 1750 and 1802, respectively. On June 25, 1999, the Court entered an Opinion and Order denying Sea Hunt, Inc. (Sea Hunt) rights to a salvage award for its efforts in the location and salvage of JUNO.

In the Opinion and Order of April 27, 1999, the Court held that based on a theory of express abandonment, Spain retained ownership rights to the sunken vessel JUNO because Spain had never expressly abandoned its rights to that ship. The Court determined that Spain did not retain ownership rights to the sunken vessel LA GALGA, however, because Spain had expressly abandoned its rights to that ship through the Treaty of 1763 between the Kingdom of Spain and Great Britain. The Court based its ruling that Spain had abandoned LA GALGA on the clear language contained in Article XX of

the Treaty of 1763, in which Spain granted to Great Britain "all that Spain possesses on the continent of North America, to the East or to the South East of the river Mississippi." Article XX, Definitive Treaty of Peace Between France, Great Britain and Spain, Fr.–Sp.–Gr. Brit., Feb. 10, 1763, 278 Parry's Consol. T.S. 279. The Court reasoned that because Spain had expressly abandoned LA GALGA, present ownership of LA GALGA rested with the Commonwealth of Virginia under the Abandoned Shipwreck Act of 1987. As a result, Sea Hunt could proceed with salvage operations on LA GALGA pursuant to permits granted to it by Virginia.

Spain bases its instant motion to amend the Opinion and Order of April 27, 1999, on a Diplomatic Note from the government of the United Kingdom, which apparently was communicated to the United States government and then to Spain's counsel sometime after the Court filed its Opinion and Order of April 27, 1999. In that Diplomatic Note, the United Kingdom expresses its desire as a party to the 1763 Treaty for this Court to reconsider its interpretation of the Treaty of 1763 and to rule that Spain never expressly abandoned its ownership rights to LA GALGA. The United Kingdom expresses its agreement with Spain's modern-day view that the signatories to the Treaty of 1763 did not intend to transfer any ownership rights in Spain's sunken ships in North America.

Sea Hunt filed a timely response, arguing that Spain's motion was not timely, and that even if timely, the new evidence presented by Spain does not warrant this Court's reconsideration and alteration of its original judgment. Spain filed a timely reply. The motion is ripe for consideration.

## II.

### A.

Motions to alter or amend a judgment of the Court "shall be filed no later than 10 days after entry of the judgment." Fed. R.Civ.P. 59(e). Spain argues that its motion, though filed several months after the Court's Opinion and Order of April 27, 1999, granting Sea Hunt the right to salvage LA GALGA, is nonetheless timely since the judgment in the April 27, 1999, Opinion and Order did not decide all the issues in the case and as a result did not constitute the final judgment. In the Opinion and Order of April 27, 1999, the Court directed the parties to file supplemental briefing on the issue of Sea Hunt's possible entitlement to a salvage award for JUNO, Spain argues that the judgment in the case did not become final until June 25, 1999, when the Court entered an Opinion and Order denying Sea Hunt a salvage award.

■ This Court is of the opinion that the April 27, 1999, Opinion and Order was a final judgment as applied to LA GALGA. All disputes revolving around LA GALGA were resolved by that Order. The April 27, 1999, Opinion and Order was not final as to JUNO, because the issue of a salvage award for JUNO remained. Spain's current motion involves LA GALGA only. As such, the point from which timeliness must be measured is the April 27, 1999, Opinion and Order which was the final judgment as to LA GALGA. Because Spain's motion was not filed within 10 days of the April 27, 1999, Order, the motion is DENIED as untimely.

### B.

■ Even if Spain's motion were timely, it would still fail on its merits. Whether to grant a motion to alter or amend a judgment is within the sound discretion of the district court. *See Pacific Insurance Co. v. American Nat'l Fire Insurance Co.,* 148 F.3d 396, 402 (4th Cir.1998). There are three grounds for amending a previously entered judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* at 403 (citing *EEOC v. Lockheed Martin Corp., Aero & Naval Sys.,* 116 F.3d 110, 112 (4th Cir.1997); *Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir.1993)). Rule 59(e) motions "may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment...." *Id.*

■ In this case, the Court finds insufficient grounds for granting Spain's Rule 59(e) motion. First, there has been no intervening

change in controlling law. Second, the Court finds that the "new evidence" that Spain urges the Court to consider is evidence that Spain could and should have presented to the Court either prior to or during the hearing on April 1, 1999. Spain has offered no explanation for failing to present to the Court evidence of the United Kingdom's interpretation of the 1763 treaty prior to the April 27, 1999, hearing. Based on the arguments set forth in Sea Hunt's summary judgment briefs, Spain knew well in advance of the April hearing that Sea Hunt intended to argue its position that the Treaty of 1763 between Spain and Great Britain effected an express abandonment of LA GALGA. Had Spain wished to present such evidence in support of an argument that Spain and the United Kingdom currently agree that the parties did not intend the Treaty of 1763 to effect an express abandonment, it could have contacted officials of the United Kingdom prior to the hearing on this issue. Several Spanish diplomats from the Spanish Embassy have been involved in this litigation from its inception, and those Embassy officials clearly have been at the disposal of Spain throughout the course of the litigation. Spain may not come into this Court now and present evidence in support of its case that it could have presented prior to the Court's finding against Spain. Therefore, the Court declines to amend its earlier judgment on the second ground for amendment under Rule 59(e) motions.

Finally, the Court has reviewed its Opinion and Order of April 27, 1999, and finds that the Court committed neither a clear error of law nor a manifest injustice in its earlier ruling. Therefore, the Court declines to amend its earlier judgment on the third ground for amendment under Rule 59(e) motions.

The Court notes that even if it were to consider amending its earlier judgment in light of the Diplomatic Note from the United Kingdom, the Court considers the United Kingdom's Diplomatic Note to be minimally persuasive at best, especially in light of the clear language used in the treaty. The United Kingdom offers only a conclusory statement of its interpretation, without explaining the reasons behind its current interpretation or providing evidence of its intent at the time the Treaty was drafted. The Court views this modern-day interpretation of a treaty that was signed over two hundred years ago with skepticism.

### III.

Based on the foregoing, the Court hereby DENIES the Motion of the Kingdom of Spain to Alter or Amend the Court's Judgment of April 27, 1999. The Court REAFFIRMS its earlier rulings in the Opinion and Order of April 27, 1999.

The Clerk is DIRECTED to mail a copy of this ORDER to all counsel of record in this case.

IT IS SO ORDERED.