Joseph MUSLER, Plaintiff,

v.

Victor GEORGEFF, et al., Defendants.

Victor Georgeff Third–Party Plaintiff,

v.

Jacqueline Musler, et al., Third–Party Defendants.

No. CIV.A.CCB 00–CV3062.

United States District Court,
D. Maryland.

Jan. 14, 2003.

Laurence J. Ochs, Washington, DC, for plaintiff.

Ronald H. Jarashow, Franch, Jarashow, Burgmeier and Smith PA, William F. Jones, The Law Offices of William F. Jones, Kathleen Duckett McCann, Annapolis, MD, Manuel Ramos, Sunny Isles Beach, FL, David J. Cynamon, J. Thomas Lenhart, Gregory J. Phillips, Shaw, Pittman, LLP, Washington, DC; Cheryl L. Rainville, Stephen Poss, Goodwin, Procter LLP, Boston, MA, Dwenise Esposito, Wilmer, Cutler and Pickering, Washington, DC, Steven B. Gould, Bethesda, MD, for defendants.

## MEMORANDUM

BLAKE, District Judge.

AXENT Technologies ("AXENT") has filed a motion to change two aspects of the court's December 2, 2002 order. Joseph Musler and Jacqueline Musler have filed a joint opposition to AXENT's motion, and AXENT has filed a reply. The issues have been fully briefed and no further hearing is necessary. *See* Local Rule 105.6. For the reasons set forth in this opinion, AXENT Technologies' motion will be granted.

The facts of this case are set out more fully in the December 2, 2002 opinion, published at *Musler v. Georgeff*, 233 F.Supp.2d 727 (D.Md.2002).

*Summary Judgment Against Georgeff*

The December 2, 2002 order "denied as moot" AXENT's motion for summary judgment against Victor Georgeff. The order granted summary judgment motions of Jacqueline and Joseph Musler against Victor Georgeff. As explained in the accompanying opinion, the ground for granting the Muslers' motions for summary judgment was that Victor Georgeff is judicially estopped from asserting that he owned shares in a predecessor corporation to AXENT, based on representations he made to the Tax Court.

Despite the December 2, 2002 Order denying AXENT's motion for summary judgment as moot, the court noted in the accompanying opinion that "summary judgment will be granted to Joseph Musler, Jacqueline Musler, and AXENT ... against Victor Georgeff." *Musler*, 233 F.Supp.2d at 729–30, 732–33 ("Summary judgment on the question of whether Victor Georgeff was a shareholder of Raxco will thus be granted in favor of ... AXENT."). It is clear from the difference in the order denying AXENT's summary judgment motion and the quoted passages in the opinion stating that AXENT's summary judgment motion will be granted that the order was erroneous. Further, the rationale for granting summary judgment in favor of the Muslers and against Georgeff applies equally well to granting summary judgment in favor of AXENT. AXENT's motion should, therefore, have been treated in the same manner as the Muslers' motions. Because the Muslers' motions were properly granted, AXENT's motion should also have been granted. The order denying AXENT's motion as moot was in error.

"It is axiomatic that courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake." *American Trucking Associations v. Frisco Transportation Co.*, 358 U.S. 133, 145, 79 S.Ct. 170, 3 L.Ed.2d 172 (1958) (citing Fed. R. Civ. Pro. 60(a)). Because the December 2, 2002 Order erroneously denied AXENT's motion for summary judgment as moot, and this court has the "power and duty" to correct that order, the order will be corrected, and AXENT Technologies' motion for summary judgment will be granted.

*AXENT's Indemnification Claim*

The December 2, 2002 order and opinion also closed the case. *Musler*, 233 F.Supp.2d at 733–34. AXENT has moved under Federal Rule of Civil Procedure 59(e) to amend the judgment and reinstate its indemnification claim set forth in Count V of AXENT's counterclaim against Joseph Musler and Count V of AXENT's crossclaim against Jacqueline Musler.

A 59(e) motion is appropriately granted to, *inter alia*, "prevent manifest injustice." *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir.1997) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993)).

AXENT argues that reinstating its indemnification claim would prevent manifest injustice because AXENT did not have an opportunity to brief the issues pertaining to indemnification. AXENT and Ms. Musler entered a joint stipulation, approved by the court, that the indemnification claim would be adjudicated after the dispositive motions against Georgeff were ruled on. (Docket No. 104 at 2 (also at AXENT Mot. Ex. A at 2).) Relying on this stipulation, AXENT did not submit any briefing on the indemnification issue.

The court agrees that it would be a manifest injustice to deny AXENT the opportuni-

ty to recoup its costs in defending this action without an opportunity to brief the issue. The Muslers contend that they satisfied any duty they may have owed to AXENT. (Opp. at 5–8.) Even if the Muslers prove to be correct on this point, and the court does not now decide whether they are, it would nevertheless be a manifest injustice for AXENT to be denied an opportunity to argue its position, particularly in light of the earlier stipulation. Accordingly, the court will grant AXENT's motion and modify the judgment to reinstate AXENT's indemnification claim.

*Scheduling*

AXENT and the Muslers disagree about the schedule for resolving the remaining indemnification claim. The Muslers would prefer to reopen discovery, and then determine the liability and damages at the same time. (Opp. at 8–9.) AXENT opposes reopening discovery, (Reply at 5), and would like to bifurcate the liability and damages aspects of the indemnification claim. (*Id.* at 5–6.) It appears to the court that the Muslers' approach is more reasonable. Particularly in light of the large sum apparently sought by AXENT, the Muslers should be given an opportunity for discovery on both the liability and damages aspects of the indemnification claim. Briefing can follow promptly.

In September 2001 Ms. Musler and AXENT stipulated that if the court granted summary judgment against Georgeff, they "will submit to the Court a proposed schedule for briefing and, if necessary, trial on AXENT's claim of contractual indemnification." (Mot. Ex. A at 3.) Based on this, the court would prefer to have the parties try to reach an agreement among themselves as to the schedule for discovery and briefing. Joint or, if no agreement can be reached, separate proposed schedules will be due in two weeks.

A separate Order follows.