**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4070

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

N'FAMARA SYLLA, a/k/a Famara Sylla, a/k/a
Camara A. Sidiki, a/k/a Mohamed Cheriff, a/k/a
Diaby Mohmed, a/k/a Syalla N. Famara, a/k/a
Diaby Mohamed, a/k/a Mohamed Diaby, a/k/a
Sylla Nfamara,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Raymond A. Jackson, District
Judge.  (CR-03-6)

Submitted:  August 27, 2004          Decided:  December 8, 2004

Before WIDENER, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Douglas Fredericks, Virginia Beach, Virginia, for Appellant.  Paul
J. McNulty, United States Attorney, Michael J. Elston, Howard J.
Zlotnick, Assistant United States Attorneys, Newport News,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

N'Famara Sylla appeals his conviction and sentence for bank fraud, in violation of 18 U.S.C. §§ 344, 2 (2000), conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371 (2000), and money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(I), 2 (2000).

Sylla contends that the district court abused its discretion by denying his motion to continue the trial to allow him time to obtain evidence that he was incarcerated in New York at the time the Government alleged he was in Virginia committing bank fraud. This court reviews denials of continuance motions only to determine whether the district court abused its broad discretion and whether that abuse prejudiced the movant. United States v. Bakker, 925 F.2d 728, 735 (4th Cir. 1991). The denial of continuance is an abuse of discretion only if the denial is "an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay.'" Morris v. Slappy, 461 U.S. 1, 11-12 (1983) (quoting Ungar v. Sarafite, 376 U.S. 575, 589 (1964)). In denying Sylla's motion for a continuance, the district court noted that Sylla had approximately ten months, from the date of the indictment until trial, to develop and present an alibi defense, yet counsel waited until the day of trial to assert an alibi defense. Additionally, the court noted that the Government presented a verified computer printout of Sylla's incarceration

- 2 -

record showing that he was not placed in custody until two months after the bank fraud offenses occurred. We conclude that this reasoning was not an arbitrary insistence upon expeditiousness in the face of a justifiable request for delay. Morris, 461 U.S. at 11-12. Accordingly, we find that the district court did not abuse its discretion in denying Sylla's motion to continue the trial. Bakker, 925 F.2d at 735.

Sylla also contends that the district court abused its discretion by denying his motion for a new trial based on the same alibi evidence. The district court's denial of a motion for a new trial is reviewed for abuse of discretion. United States v. Stokes, 261 F.3d 496, 502 (4th Cir. 2001). A new trial will be granted under the following circumstances: (1) intervening changes in the law; (2) new evidence not available at trial; and (3) to correct a clear error of law or prevent a miscarriage of justice. See EEOC v. Lockheed Martin Corp., Aero & Naval Sys., 116 F.3d 110, 112 (4th Cir. 1997). After careful review of the record, we conclude that Sylla's motion for a new trial did not meet any of these conditions. Accordingly, we conclude that the district court did not abuse its discretion in denying Sylla's motion. Stokes, 261 F.3d at 502.

Finally, Sylla contends that the district court erred by denying his request, at sentencing, for a subpoena duces tecum pursuant to Fed. R. Crim. P. 17. The grant or denial of a request

for subpoenas under Rule 17(b) is vested in the sound discretion of the trial judge, and the denial of such is not tantamount to a denial of rights guaranteed by the Sixth Amendment. United States v. Sellers, 520 F.2d 1281 (4th Cir. 1975). As a threshold matter, an indigent party seeking a Rule 17(b) subpoena must allege facts that, if true, demonstrate "the necessity of the requested witness' testimony." The trial court may then exercise its discretion to deny the subpoenas if the Government demonstrates that the movant's averments are untrue, or if the requested testimony would be merely cumulative or irrelevant. United States v. Webster, 750 F.2d 307, 329-30 (5th Cir. 1984). Sylla requested that the district court issue a subpoena compelling the New York Adolescent Reception Detention Center to produce a certified document showing that Sylla was incarcerated at the time of the instant offense. In response, the Government produced compelling evidence demonstrating that Sylla was not incarcerated at the time of the offense, so his alibi defense was not supportable. Accordingly, the district court did not abuse its discretion by denying the motion for a subpoena. Webster, 750 F.2d at 329-30; Sellers, 520 F.2d at 1281.

For the foregoing reasons, we affirm Sylla's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED