**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-2567

METALMECCANICA DEL TIBERINA,

Plaintiff - Appellant,

versus

TIMOTHY S. KELLEHER, a/k/a and/or d/b/a
Kelleher and Company, LLC, d/b/a Clearing
International, LLC, d/b/a CNB International,
LLC,

Defendant - Appellee,

and

KEVIN KELLEHER,

Defendant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston. David C. Norton, District Judge.
(CA-02-279)

Argued: September 21, 2005          Decided: November 4, 2005

Before WILKINSON and WILLIAMS, Circuit Judges, and Robert J.
CONRAD, Jr., United States District Judge for the Western District
of North Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Walter Thomas Grabowski, HOLLAND, BRADY & GRABOWSKI, P.C., Wilkes-Barre, Pennsylvania, for Appellant.  Monica Lynn Thompson, DLA PIPER RUDNICK GRAY CARY US, L.L.P., Chicago, Illinois, for Appellee.  **ON BRIEF:** Bryson M. Geer, NELSON, MULLINS, RILEY & SCARBOROUGH, L.L.P., Charleston, South Carolina, for Appellant.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Metalmeccanica Del Tiberina (Metalmeccanica) sued Timothy S. Kelleher for conversion and unjust enrichment. After a jury returned a verdict in favor of Metalmeccanica on its conversion claim and against Metalmeccanica on its unjust enrichment claim, the district court granted Kelleher's motion for judgment as a matter of law on the conversion claim and denied Metalmeccanica's motion to amend the judgment on the unjust enrichment claim. On appeal, Metalmeccanica contends that the record contained sufficient evidence for a reasonable jury to find that Metalmeccanica had the right to the immediate return of its deposit and, in the alternative, that the jury's verdict in favor of Metalmeccanica can be sustained on unjust enrichment grounds. For the reasons that follow, we disagree.

I.

Metalmeccanica is an Italian company that produces automobile parts. In December of 1998, Metalmeccanica entered into negotiations with CNB International, INC (CNB INC), which is owned by Kelleher, for the purchase of four mechanical presses worth a total contract value of $3.6 million combined. The negotiations resulted in an agreement directing Metalmeccanica to wire a 15% down payment of $540,000 to the South Carolina account of another company owned by Kelleher, CNB LLC. The agreement also directed

3

Metalmeccanica to provide Clearing Niagara Bliss USA (Clearing), yet another company owned by Kelleher, an irrevocable letter of credit for the balance of the purchase price.

Metalmeccanica wired the $540,000 to CNB LLC's account, but never provided Clearing with an acceptable letter of credit. Immediately upon receipt of Metalmeccanica's deposit, Kelleher transferred it into his personal bank account and then into his personal brokerage account. Less than three months later, relations began deteriorating between Metalmeccanica and Kelleher and his companies. Metalmeccanica raised concerns about the quality of the construction of the presses when it learned the presses would be built in Taiwan instead of the United States. CNB INC filed for bankruptcy during that time, and Metalmeccanica became concerned that CNB INC's bankruptcy might interrupt the presses' manufacturing schedule. As Metalmeccanica urged CNB LLC for assurances on the quality of the presses and the timeliness of the delivery, Kelleher continued to urge Metalmeccanica for the letter of credit. On October 9, 1999, Kelleher informed Metalmeccanica that he was cancelling the contract due to Metalmeccanica's failure to provide an acceptable letter of credit. Kelleher retained Metalmeccanica's deposit to cover CNB LLC's damages.

Metalmeccanica initiated the present suit seeking the return of its deposit. Metalmeccanica sued Kelleher personally on various

grounds, including conversion and unjust enrichment. The district court directed a verdict in favor of Kelleher on all claims, except the conversion and unjust enrichment claims. The parties tried the remaining claims to a jury, which found in favor of Metalmeccanica on the conversion theory and in favor of Kelleher on the unjust enrichment theory. Kelleher moved for judgment as a matter of law on the conversion verdict, and Metalmeccanica moved to amend the judgment on the unjust enrichment claim.

The district court granted Kelleher's motion for judgment as a matter of law on the conversion claim because Metalmeccanica failed to establish the elements of a conversion claim. The district court held that Metalmeccanica failed to demonstrate that it had the immediate right to possess its deposit, an essential element of conversion under South Carolina law. The district court also denied Metalmeccanica's motion to amend the judgment on the unjust enrichment claim. It is from these rulings that Metalmeccanica appeals.

This case is properly in federal court because Metalmeccanica is a foreign corporation organized under Italian law and Kelleher is a citizen of New York and the amount in controversy exceeds $75,000. 28 U.S.C.A. § 1332 (West 1993). Venue is proper because a substantial part of the contract negotiations occurred at CNB LLC's office in Charleston, South Carolina. We have jurisdiction to

review the district court's final order pursuant to 28 U.S.C.A. § 1291.

## II.

On appeal, Metalmeccanica presents two arguments. First, it argues that the district court erred in granting Kelleher's motion for judgment as a matter of law on the conversion claim. Second, it argues in the alternative that the jury verdict in favor of Metalmeccanica can be sustained on an unjust enrichment theory. We begin by addressing the conversion claim.

## A.

We review de novo the district court's grant of judgment as a matter of law. Bonner v. Dawson, 404 F.3d 290, 293 (4th Cir. 2005). In doing so, we view the evidence in the light most favorable to the nonmoving party. Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). "If a reasonable jury could reach only one conclusion based on the evidence or if the verdict in favor of [Metalmeccanica] would necessarily be based upon speculation and conjecture," the district court appropriately granted Kelleher's motion for judgment as a matter of law. Id.

The parties agree that South Carolina substantive law applies to the conversion claim. South Carolina defines conversion as the "unauthorized assumption and exercise of the right of ownership

over goods or personal chattels belonging to another, to the exclusion of the owner's rights." Owens v. Andrews Bank & Trust Co., 220 S.E.2d 116, 119 (S.C. 1975). To prevail on a conversion claim, the plaintiff must demonstrate "an immediate right to possession at the time of conversion." Id. at 120 (quoting Am. Jur. 2d Conversion § 54 (1965)). The defendant may defeat a conversion claim by demonstrating "a legal right to the property." Mackela v. Bentley, 614 S.E.2d 648, 650 (S.C. Ct. App. 2005).

On appeal, Metalmeccanica contends that because it did not form a contract with Kelleher or any of his companies for the purchase of the presses, Kelleher converted Metalmeccanica's deposit by removing it from CNB LLC's account and placing it in his personal account. Even assuming there was no contract,[1] there is no dispute that at the intermediary stage of negotiations CNB LLC requested the deposit from Metalmeccanica, Metalmeccanica voluntarily complied with the request, and CNB LLC, as a result, accepted Metalmeccanica's purchase order. By so doing, Metalmeccanica lost the right to immediate possession of the money. Because Metalmeccanica authorized CNB LLC's assumption and exercise

---

[1]The district court also aptly noted that Metalmeccanica's argument "is troubling because it would mean that [Metalmeccanica] transferred over half a million dollars to CNB [LLC] before it had contracted with CNB [LLC]. In other words it would mean that [Metalmeccanica] paid CNB [LLC] before CNB [LLC] had obligated itself to do anything in return for the money." (J.A. 660-N, n.5.) We nevertheless indulge in the assumption that no contract existed.

7

of right of ownership over the deposit, CNB LLC could not have converted the deposit. See Castell v. Stephenson Fin. Co., 135 S.E.2d 311, 313 (S.C. 1964)("Since conversion is a wrongful act, it cannot arise from the exercise of a legal right."). And because CNB LLC properly held the deposit, Kelleher's disposition of the deposit pursuant to company policy could not render him personally liable for conversion.[2]

Metalmeccanica contends that it maintained a right of ownership over the deposit because Kelleher and his companies deceived Metalmeccanica about key aspects of the transaction. In particular, Metalmeccanica argues that Kelleher and his companies misrepresented which company was dealing with Metalmeccanica, where the presses would be built, and when the first two presses would be delivered. Although courts have recognized that consent obtained by misrepresentation can form the basis of a conversion action, the alleged misrepresentations made by Kelleher's companies fall far

---

[2]It is important to note that Metalmeccanica sued only Kelleher personally for conversion -- not any of his companies. Thus, we must determine whether Metalmeccanica "presented enough evidence for a reasonable jury to find that Kelleher himself committed the tort of conversion against" Metalmeccanica. (J.A. 660-J.) Kelleher contends that the conversion claim cannot lie against him because he is not personally liable for the debts of his companies, unless or until Metalmeccanica successfully pierces the corporate veil. Because we conclude that Metalmeccanica failed to produce evidence to support a cause of action for conversion for the reason noted in the text, we need not determine whether Metalmeccanica properly sued Kelleher instead of his companies.

short of this mark.  Austin v. Indep. Life & Acc. Ins. Co., 370 S.E.2d 918, 923 (S.C. Ct. App. 1988)(Goolsby, J., concurring).

Even viewing the facts in the light most favorable to Metalmeccanica, as we must, we find no such misrepresentations. The purchase order clearly stated that the construction of the presses would be completed in Taiwan, that the first two presses would be completed in July 1999, and that CNB LLC was the contracting party.  CNB LLC's failure to complete the construction of the first two presses by July 1999 does not amount to a misrepresentation because Metalmeccanica's failure timely to supply Clearing with the letter of credit meant that CNB LLC could not secure the funds to build the presses.  The fault for the delayed time schedule lies as much with Metalmeccanica as it does with CNB LLC. Metalmeccanica has failed to demonstrate that Kelleher made material misrepresentations that induced Metalmeccanica into voluntarily making the requested down payment.

While Metalmeccanica's arguments might have proved useful in a breach of contract claim or perhaps an unfair trade practices claim, Metalmeccanica has not demonstrated that it had an immediate right to the possession of its deposit after voluntarily wiring it to CNB LLC.  See Andrews Bank & Trust Co., 220 S.E.2d at 119 ("[T]here can be no conversion where there is a mere obligation to pay a debt. Thus, where there is merely the relationship of debtor and creditor, an action based on conversion of the funds

9

representing the debt is improper.")(internal citation omitted). The money received by CNB LLC was to be used for the design and construction of mechanical presses and the fact that negotiations between the parties fell apart does not mean that Kelleher converted the deposit. To hold otherwise "would be equivalent to saying that every unpaid debt carries with it the implication of fraud on the part of the debtor; that the debtor has converted to his own use the money of another or that he has misappropriated that which was always his own." Dawkins v. National Liberty Life Ins. Co., 263 F. Supp. 119, 121-22 (D.S.C. 1967)(quoting Holland v. Spartanburg-Herald Journal Co., 165 S.E.2d 203, 208 (S.C. 1932))(interpreting South Carolina law). We therefore affirm the district court's grant of judgment as a matter of law to Kelleher because no reasonable jury could find that Kelleher wrongfully held Metalmeccanica's deposit to the exclusion of Metalmeccanica as its rightful owner.

B.

Having determined that the district court properly granted Kelleher's motion for judgment as a matter of law on the conversion claim, we turn to Metalmeccanica's argument that the jury verdict should be sustained on an unjust enrichment theory. After the jury returned a split verdict, finding for Metalmeccanica on the conversion claim and against Metalmeccanica on the unjust

10

enrichment claim, Metalmeccanica moved to amend the judgment hoping to reconcile the conflicting jury verdicts. The district court denied Metalmeccanica's motion finding that sufficient evidence supported the jury's verdict. On appeal, Metalmeccanica argues that even if it did not have the immediate right to possess its deposit, it would be unjust to allow Kelleher to retain Metalmeccanica's deposit.

We review for abuse of discretion the denial of Metalmeccanica's motion to amend the judgment. E.E.O.C. v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997). Under Rule 59(e) of the Federal Rules of Civil Procedure, a district court may amend a judgment for three reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Id. As the parties concede, South Carolina substantive law applies to the unjust enrichment claim. In South Carolina, to recover for unjust enrichment the plaintiff must show: "(1) that he conferred a non-gratuitous benefit on the defendant; (2)that the defendant realized some value from the benefit; and (3) that it would be inequitable for the defendant to retain the benefit without paying the plaintiff for its value." Sauner v. Pub. Serv. Auth. of S.C., 581 S.E.2d 161, 167 (S.C. 2003).

The district court did not commit a clear error of law by concluding that the evidence could not support a finding that Metalmeccanica had unjustly enriched Kelleher because Metalmeccanica failed to demonstrate that it conferred a non-gratuitous benefit on Kelleher. At most, Metalmeccanica can demonstrate that CNB LLC, as opposed to Kelleher, received a non-gratuitous benefit. Any benefit Kelleher received via the voluntary transfer from CNB LLC's account came from CNB LLC – not Metalmeccanica. While Metalmeccanica may have had an unjust enrichment claim against CNB LLC[3]; Metalmeccanica expressly stated it is not attempting to pierce the corporate veil. Accordingly, we affirm the district court.

## III.

In summary, we affirm the district court's grant of judgment as a matter of law to Kelleher on the conversion claim because Metalmeccanica did not have the immediate right to possession of its deposit after voluntarily transferring the money to CNB LLC's account. We also find that the jury verdict cannot be sustained

---

[3]It is by no means a foregone conclusion that Metalmeccanica would have prevailed on such a claim. Kelleher presented evidence that Metalmeccanica's failure to provide an acceptable letter of credit and the subsequent cancellation of the order cost Kelleher's companies close to $850,000. Kelleher also testified that if Metalmeccanica had named Kelleher's companies as co-defendants, the companies would have counterclaimed for the additional damages.

under an unjust enrichment theory because Metalmeccanica conferred no non-gratuitous benefit on Kelleher.

<u>AFFIRMED</u>