Larry REGISTER and Esther Houlihan, Plaintiffs,

v.

**CAMERON & BARKLEY COMPANY,** Cambar Software, Inc., GreatBanc Trust Company, Hagemeyer North America, Inc., Mary Lou Fox, David L. Lea, Steven L. Raber, Thomas A. Skelton, Tom Stallings, James Warren, M. Joel Bateman, J. Randall Bishop, Cecil Duffie, Cheryl A. Blocker, Paula P. Greer, Debra J. Guest, David G. Gundling, Saundra Gussman, Deborah B. Holden, Allison Mahoney, Amy Mahoney, Andros Neocleous, Christopher C. Nowell, Kim Palmer, Raymond J. Perlock, Jeffrey S. Rosenberg, Kenneth B. Sands, William T. Tamsberg, Hagemeyer P.P.S. N.A. Profit Sharing 401(K) Plan, Cambar Software, Inc. Employee Stock Ownership Plan, Defendants.

C.A. No. 2:03–cv–2672–PMD.

United States District Court, D. South Carolina, Charleston Division.

March 13, 2007.

John E. Schmidt, III, Kerry B. McTigue, Melissa J. Copeland, Michael S. Cashman, Nelson Mullins Riley and Scarborough, Columbia, SC, for Plaintiffs.

Kenneth Michael Barfield, Morris Dawes Cooke, Jr., Barnwell Whaley Patterson and Helms, Stephen P. Groves, Thomas S. Tisdale, Jr., Nexsen Pruet Jacobs Pollard and Robinson, Bruce E. Miller, Moore and Van Allen, Charleston, SC, Steven Thomas Catlett, Paul Hastings Janofsky and Walker, Carrie E. Kienstra, Gardner Carton and Douglas, Mark E. Furlane, Drinker Biddle and Reath, Chicago, IL, Curtis Warren Stodghill, Stodghill Law Firm, Greenville, SC, Gregory C. Braden, Leslie M. Bassett, Michael G. Monnolly, Sean K. McMahan, Alston and Bird, Atlanta, GA, David R. Levin, Drinker Biddle and Reath, Washington, DC, for Defendants.

## *ORDER*

DUFFY, District Judge.

On January 30, 2006, this court issued an Order granting Defendants' Motions for Summary Judgment of Plaintiffs Larry Register and Esther Houlihan's Second Amended Complaint. In this Order, the court found that because neither Register nor Houlihan is currently a "participant" in the plan at issue, both lack standing to pursue the requested relief under the civil enforcement provisions of ERISA. ERISA § 502, 29 U.S.C. 1132. This matter is currently before the court on Plaintiffs' Rule 59(e) Motion for Reconsideration of this court's Summary Judgment Order and Order for Judgment.

■ A Rule 59(e) motion to alter or amend a judgment may be granted for three reasons: 1) to accommodate an intervening change in controlling law; 2) to account for new evidence not available at trial; or 3) to correct a clear error of law or manifest injustice.[1] *Pacific Ins. Co. v. American Nat. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998); *E.E.O.C. v. Lockheed Martin Corp.,* 116 F.3d 110 (4th Cir.1997). In the case *sub judice,* there has been no intervening change in controlling law, nor is there any new evidence presented. Thus, if relief is available, it must be to correct a clear error of law or manifest injustice.

■ It is uncontested that Plaintiffs only have standing to pursue their ERISA causes of action if they qualify as plan "participants" within the meaning of ERISA. Accordingly, the debate in this case centers on whether Plaintiffs are such participants. Section 1002(7) defines "participant" as: "[A]ny employee or former employee of an employer ... *who is or may become eligible to receive a benefit* of any type from an employee benefit plan." 29 U.S.C. § 1002(7) (emphasis added). In its Order, the court found that Plaintiffs were former employees who had accepted their distribution of vested benefits, and had no reasonable expectation of returning to CSI as employees. The court also found that because Plaintiffs alleged that Defendants' breach of their fiduciary duties caused the Plan's assets at the time of the distributions to have been diminished, the recovery requested was more in the nature of a claim for damages than for payment of a vested benefit. As such, the court found that Plaintiffs had failed to prove that they have a "colorable claim" to "vested benefits" within the meaning of

---

1. In the context of a motion for reconsideration, a "manifest injustice" is defined as an error by the court that is "direct, obvious, and observable." *In re Oak Park Calabasas Condominium Ass'n,* 302 B.R. 682 (Bankr. C.D.Cal.2003). The fact that Plaintiffs have incurred significant costs and are left without a remedy to recover these costs is not a "manifest injustice" as is necessary for relief under Rule 59(e).

ERISA. For this reason, the court found that Plaintiffs are not "participants" as meant by ERISA and therefore lack standing to pursue their claims pursuant to ERISA § 502; 29 U.S.C. § 1132.

Plaintiffs now argue that the court erred in classifying their request for relief as one for damages claim rather than for vested benefits.[2] Plaintiffs assert that because their assets had vested value at the time of the fiduciaries' misconduct, and they were given less than this vested value, their claim is not for a speculative amount, but is for a vested amount. In support of this claim, Plaintiffs rely heavily upon the ruling in *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan*, 883 F.2d 345, 350 (5th Cir.1989). In the *Sommers* case, former employees, as representatives for a class, alleged that the fiduciaries sold the class's stock as a step in a planned liquidation of the trust with distributions of the proceeds of the sale going to the class. Allegedly, the fiduciaries sold the stock for an amount below the fair market value, such that the distributions to the class were not the full amount of vested benefits due under the terms of the profit sharing plan. The *Sommers* Court, finding that the former employees qualified as "participants," explained that "[i]f the class prevailed on its claims, the representatives would be 'eligible to receive a benefit'-the remainder of what was owed them and should have been paid to them at the time they received their lump sum settlement." *Id.* at 350. Accordingly, the Fifth Circuit found that the claim was "quite close to a simple claim that benefits were miscalculated," and that the representatives main-

tained their status as participants because they have a claim to a vested benefit.

The court does not agree that the rationale of *Sommers* is applicable in this case. *Sommers* held that the sale of the shares below market value, which occurred *contemporaneously* with the distribution to the class, was, in effect, a miscalculation of benefits owed at the time of distribution; accordingly, the claim for the difference between the sale price of the shares and their fair market value was a claim for vested benefits. In other words, the class's benefits were vested at the time of the misconduct, *and* that misconduct was contemporaneous with and affected the amount of the vested benefits that were distributed to the class. As such, the court agrees that the claim in *Sommers* was more like a claim for miscalculation of a distribution due under the plan than a claim for speculative benefits that only might have accrued had the fiduciary not breached his duty sometime before the distribution.

█ In the case *sub judice*, however, the alleged misconduct which resulted in a diminution of the value of CSI ESOP plan assets occurred several *years* before Plaintiffs sought their distributions from the plan. It cannot be alleged that, as in *Sommers*, the fair market value of the stock which CSI ESOP should have received in the spin-off is equivalent to the correct calculation of the Defendants' distributions four years later. As this court noted in its Order, the "difference between what Plaintiffs' accounts *might have been worth* had the CSI stock been properly valued during the spin-off and what the

**2.** Plaintiff made this same argument in its Opposition to the Motion for Summary Judgment, and the court gave consideration to it at the time. Rule 59(e) Motions may not be used to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to reargue an

issue that the party addressed in the first instance. See Pacific Ins. Co., 148 F.3d at 403; *Hutchinson v. Staton,* 994 F.2d 1076 (4th Cir.1993)(holding that mere disagreement does not support a Rule 59(e) Motion). Nonetheless, the court briefly addresses Plaintiff's argument.

accounts actually were worth at the time of distribution is not a benefit that is promised under the terms of the ESOP." (Order at 12.) In other words, due to the nearly four years between the alleged misconduct and the distributions to Plaintiffs, the value the CSI ESOP should have received in the spin-off is *not* equivalent to the amount Plaintiffs would have received at the time of their distributions but for the misconduct. Therefore, the court reaffirms its earlier determination that Plaintiffs seek a speculative amount in damages, not a certain amount of vested benefits.

The court notes, as have many other courts before it, that the distinction between "benefits" and "damages" in this context is often unclear; however, Plaintiffs have not shown that the court's determination that Plaintiffs' claim is more like a claim for damages constitutes a clear error of law or manifest injustice.

For this reason, Plaintiffs' Motion to Reconsider is **DENIED.**

**AND IT IS SO ORDERED.**