MIDSOUTH STEEL, INC., Plaintiff,

v.

DPR CONSTRUCTION, INC. and
Liberty Mutual Insurance
Company, Defendants.

Liberty Mutual Insurance Company
and DPR Construction, Inc.,
Counterclaimants,

v.

Midsouth Steel, Inc., Counterdefendant.

Civil Action No.: 2:15–cv–4620–RMG

United States District Court,
D. South Carolina, Charleston Division.

Signed August 8, 2016

Norman Ward Lambert, Wesley Benja-
min Lambert, Harper Lambert and
Brown, Greenville, SC, for Plaintiff/Coun-
terdefendant.

Caitlin C. Heyward, Edward Wade Mul-
lins, III, Henry P. Wall, Bruner Powell
Robbins Wall and Mullins, Columbia, SC,
for Defendants/Counterclaimants.

## ORDER

Richard Mark Gergel, United States District Court Judge

This matter is before the Court on Defendant DPR Construction, Inc.'s Motion for Reconsideration. (Dkt. No. 36). For the reasons discussed below, the Court **DENIES** the motion.

### I. Background

This matter arises out of a hotel construction project in Charleston, South Carolina. Defendant DPR Construction, Inc. was the general contractor on the project, and Plaintiff was a subcontractor. Plaintiff does not have a South Carolina contractor's license. (Dkt. No. 7–5).

Before Plaintiff finished the work, the hotel project was terminated for default. Plaintiff subsequently filed this action to enforce the subcontract (Dkt. No. 1–1), and Defendant filed a counterclaim for breach of contract (Dkt. No. 4 at 6). Defendant filed a motion for summary judgment alleging that Plaintiff's claim was barred by S.C. Code Ann. § 40–11–370(c) because Plaintiff is not a properly licensed contractor. (Dkt. No. 7). Plaintiff then filed a competing motion for summary judgment, asserting, in relevant part, that its claim was not barred because the work it performed did not require it to be licensed. (Dkt. No. 26). In their response, Defendants requested that the Court certify the questions regarding the interpretation of the licensing statute to the South Carolina Supreme Court. (Dkt. No. 33 at 12–13).

The Court denied Defendants' motion for summary judgment and denied Defendants' request to certify questions regarding the interpretation of the licensing statute to the South Carolina Supreme Court. The Court granted Plaintiff's motion for summary judgment insofar as it related to whether its contract claim was barred and denied Plaintiff's alternative request to dismiss Defendant's counterclaims as moot. (Dkt. No. 35). Defendant DPR subsequently filed this motion for reconsideration of the Court's order and a request for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (Dkt. No. 36).

### II. Legal Standard

#### A. Motion for Reconsideration

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment; however, the rule does not provide a standard courts may use to grant such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403 (internal citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (internal citation omitted).

#### B. Interlocutory Appeal

Pursuant to 28 U.S.C. § 1292(b), when a district judge is of the opinion that an "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the

litigation, he shall so state in writing in such order." The Court of Appeals may then, at its discretion, permit an interlocutory appeal after an appropriate application is made.

## III. Discussion

Defendant appears to raise two arguments in its motion: (1) the Court misconstrued Defendant's acknowledgement that it served as a "typical general contractor" as a concession on the "issue of supervision" for the entire case; and (2) the Court improperly reached Plaintiff's cross-motion for summary judgment. Neither argument has merit.

S.C. Code Ann. § 40–11–270(c) provides that a licensed contractor "may utilize the services of unlicensed subcontractors to perform work within the limitations of the licensee's license group and license classification or subclassification; provided, the licensee provides supervision." The statute does not, however, define the term "supervision."

In its July 13, 2016 order, the Court employed the plain meaning rule to interpret the term "supervise" to mean "to be responsible for the good performance of an activity or a job, or for the correct behavior or safety of a person." (Dkt. No. 35 at 6). By following the plain meaning rule, the Court expressly rejected Defendant's argument that "[a] logical and common sense reading of the statute would suggest that the term 'supervise' must necessarily mean something more than a general contractor merely engaging a subcontractor as an independent contractor, and then overseeing the completion of the entire work." (Dkt. No. 35 at 7–8). Defendant has repeatedly acknowledged that it served as a typical general contractor (*see* Dkt. No. 36–1 at 2), and the Court made the legal conclusion that this satisfied S.C. Code Ann. § 40–11–270(c)'s "supervision" requirement. (Dkt. No. 35 at 6–8).

■ To the extent Defendant's motion for reconsideration attempts to re-litigate the question of whether it supervised Plaintiff within the meaning of § 40–11–270(c), that ship has sailed. Because the Court held that § 40–11–270(c)'s supervision requirement is satisfied, Plaintiff's action to enforce the provisions of its contract with Defendant is not barred. (Dkt. No. 35 at 9). The Court has not, however, made any factual findings or legal conclusions whatsoever regarding the merits of the case or *Plaintiff's* management and supervision of its own work, which relates to Defendant's third affirmative defense and counterclaim. Accordingly, Defendant's concerns of undue prejudice are unfounded.

The Court next turns to the issue of whether it improperly considered Plaintiff's cross motion for summary judgment. In that motion, Plaintiff argued that "if the Court grant[ed] [Defendant's] motion for summary judgment, the [C]ourt should also grant [Plaintiff's] motion for summary judgment dismissing [Defendant's] counterclaim." (Dkt. No. 26–1 at 14). The Court denied Defendant's motion for summary judgment, denied Plaintiff's motion to dismiss Defendant's counterclaim as moot, and granted Plaintiff's motion for summary judgment insofar as it related to whether its contract claim was barred. (Dkt. No. 35 at 9). Defendant now argues that the Court should not have *"sua sponte"* granted Plaintiff's motion for summary judgment in part because it "was made contingently and conditionally." (Dkt. No. 36–1 at 2–3).

■ As a preliminary matter, the Court did not address the portion of Plaintiff's motion that was expressly conditioned on it granting Defendant's motion to dismiss. (*See* Dkt. No. 35 at 9 (denying the motion

in part as moot)). Furthermore, the Court's *"sua sponte"* partial grant of Plaintiff's cross motion for summary judgment was simply a restatement of the Court's denial of Defendant's motion for Summary Judgment. Defendant sought summary judgment based on the argument that Plaintiff could not bring its contract action because it was not a licensed subcontractor. (Dkt. No. 7–1). Plaintiff argued, in relevant part, that because the work it performed fell within an exception, it did not need to be licensed. (Dkt. No. 26–1 at 6–9). The Court held that, in this instance, no license was needed and Plaintiff could bring its contract action. Whether termed as denying Defendant's motion or granting Plaintiff's motion in part, the outcome is the same. Again, Defendant's concerns of undue prejudice are unfounded.

## IV. Conclusion

Defendant has failed to identify an intervening change in controlling law, there is no new evidence, and there has not been a clear error of law or manifest injustice. In addition, the Court does not find that this case involves a controlling question of law as to which there is substantial ground for difference of opinion. Accordingly, the Court **DENIES** Defendant's motion for reconsideration and interlocutory appeal. (Dkt. No. 36).

**AND IT IS SO ORDERED.**